IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | 04-187 |
| v. | : | |
| | : | CIVIL CASE |
| RUSSELL MORGAN | : | 06-4527 |

## REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE           January   9   , 2007

This is a pro se Motion to Vacate, Set Aside, or Correct a Federal Sentence, filed pursuant to 28 U.S.C. § 2255, by a defendant currently incarcerated at the Federal Correctional Institution at Fairton, New Jersey. For the reasons that follow, I recommend that the Motion be denied.

## FACTS AND PROCEDURAL HISTORY:

On April 23, 2004, Morgan entered a guilty plea to three counts of bank robbery. (N.T. 4/23/04, 32). During the plea colloquy, the government explained all of the sentence enhancements and reductions applicable to the case. During the hearing, the Assistant United States Attorney explained that, despite an appellate waiver provision in the plea agreement, the defendant reserved the right to challenge a three-level enhancement for brandishing a weapon during one of the robberies. (N.T. 4/23/04, at 13).

Specifically, the plea agreement states that, absent a governmental appeal, the Defendant could challenge the sentence on only three grounds:

1. the defendant's sentence exceeds the statutory maximum; or
2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range; or
3. the sentencing judge erroneously imposed an offense level enhancement not listed in paragraph 7 of this agreement or erroneously imposed a three-level offense level enhancement, pursuant to Guideline Section 2B3.1(b)(2)(E).

(Plea Agreement, at ¶8b).

The Sentencing Guideline at issue states that the base offense level shall be increased by two levels if a threat of death was made, U.S.S.G. § 2B3.1(b)(2)(F), or by three levels if the defendant brandished or possessed a dangerous weapon during the robbery.  U.S.S.G. § 2B3.1(b)(2)(E).  The second Application Note to the section states that:

> an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if (A) the object closely resembles an instrument capable of inflicting death or serous bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (e.g., a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

Application Note 2 to U.S.S.G. § 2B3.1.

At the plea colloquy, defense counsel explained that the defense took issue with only one level of the three-level enhancement.  (N.T. 4/23/04, at 14).  The defense conceded the applicability of the two-level enhancement for a threat of death pursuant to § 2B3.1(b)(2)(F).  The only question was the additional one-level enhancement for brandishing a weapon pursuant to § 2B3.1(b)(2)(E).

The Presentence Investigation Report prepared by the United States Probation Office included in the statement of facts that Morgan brandished what appeared to be the butt of a handgun during one of the robberies, (PSI, at ¶ 9), and included in the sentence calculation the three-level enhancement.  (PSI, at ¶ 34).  At the sentencing hearing, in carrying its burden with respect to the three-level enhancement for brandishing a weapon, the government presented the testimony of James Kilburn, a teller at one of the banks Morgan robbed.  (N.T. 9/21/04, 15-22).  Mr. Kilburn testified that Morgan gave him a note saying, "[G]ive me the money.  I have a gun.

2

Don't be stupid." (N.T. 9/21/04, 17). In addition, Mr. Kilburn described Morgan's actions.

> Immediately after that, he reached into an inside jacket pocket and pulled an object out that was black. And he pulled it out two or three inches so that I could see it. And it was – it appeared to be a handgun. I have seen them before.

(N.T. 9/21/04, 17). When asked what part of the gun he saw, Mr. Kilburn said, "[j]ust the very bottom of it. So, I didn't see the actual gun, but I was led to believe that it was a gun." (N.T. 9/21/04, 18). Morgan denied that he had a gun. (9/21/04, 24-25). After Mr. Kilburn's testimony, Judge Schiller sentenced Morgan to 100 months' imprisonment. In doing so, Judge Schiller included the three-level enhancement pursuant to § 2B3.1(b)(2)(E) of the Guidelines.

On appeal, Morgan argued that Judge Schiller violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve the alleged dispute regarding whether Morgan pulled what appeared to be a gun from his pocket during one of the robberies. The Third Circuit found that there was no dispute. The defense did not object to the portion of the PSI that stated that Morgan pulled what appeared to be the butt of a gun from his jacket pocket and did not object to the Guidelines' calculation set forth in the PSI. Criminal Rule 32 states that the district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed.R.Crim.P. 32(i)(3)(A). Thus, the Third Circuit affirmed the judgment.

On October 12, 2006, Morgan filed this Motion for § 2255 relief, claiming that his defense counsel was ineffective for failing to preserve the issue of the § 2B3.1(b)(2)(E) enhancement by failing to challenge the statement of facts and sentence calculation in the PSI. In response, the government argues that Morgan's claims are barred by the appellate waiver provision of the plea agreement.

In the plea agreement, the government agreed that Morgan could challenge the propriety

3

of the three-level sentence enhancement pursuant to § 2B3.1(b)(2) of the Sentencing Guidelines. Morgan did exactly that when he filed his direct appeal with the Third Circuit. The Circuit Court rejected the claim. He now complains that his counsel was ineffective for failing to preserve the issue.

We first address the validity of the waiver provision. In United States v. Khattak, 273 F.3d 557 (3d Cir. 2001), the Third Circuit held that waivers of appeals in plea agreements are generally enforceable "if entered into knowingly and voluntarily, unless they work a miscarriage of justice." Id. at 558. Although the Third Circuit has not yet addressed whether the waiver of appeals bars a subsequent collateral attack, several other Circuit Courts have, and so have a number of the judges of this bench. See United States v. White, 307 F.3d 336, 337 (5th Cir. 2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000). See also United States v. Davis, Crim. 03-317-01, 2006 WL 2850567 (E.D. Pa. Oct. 3, 2006)(Savage, J.); United States v. Black, Crim. 93-138-03, 2006 WL 759691 (E.D. Pa. Mar. 3, 2006)(Stengel, J.); United States v. Buchanan, Crim. 03-198, 2005 WL 408043 (E.D. Pa. Feb. 18, 2005)(DuBois, J.); United States v. Fagan, Crim. 02-75, 2004 WL 2577553 *3 (E.D. Pa. Oct. 4, 2004)(Yohn, J.); United States v. Velez, Crim. 02-828-5, 2004 WL 1169990 (E.D. Pa. Apr. 30, 2004)(Baylson, J.); Clemmer v. United States, Crim. 03-83, 2004 WL 1858342 *2 (E.D. Pa. Aug. 9, 2004 )(Surrick, J.); United States v. Shedrick, Crim. 02-523, 2004 WL 1169989 (E.D. Pa. Apr. 30, 2004)(Davis, J.). Those courts that have addressed the issue have held that only claims challenging the voluntariness of the waiver of the appellate rights or alleging ineffective counsel in the negotiation of the waiver survive the waiver.

4

The claims in Morgan's § 2255 Motion do not challenge the voluntariness of the appellate waiver. Nor does he allege that his counsel was ineffective in negotiating the waiver. Rather, he merely challenges counsel's failure to challenge the facts and sentence calculation set forth in the PSI. Therefore, we believe the waiver provision is enforceable. However, because Morgan is challenging counsel's efficacy in preserving the very claim that was carved out of the appellate waiver, we will err on the side of caution and address the claim.

In order to succeed with an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that counsel's actions prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1983). In order to prove prejudice, the defendant must show that the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Here, Morgan can not show that counsel's failure to challenge the PSI was deficient or caused him prejudice.

The undisputed evidence at the sentencing hearing was that, immediately following Morgan's handing the teller the note demanding money during the Citizen's Bank robbery of January 17, 2004, he showed the teller a black item in the inside pocket of his jacket that the teller said resembled the butt of a gun. (N.T. 9/21/04, 17-18).[1] Application Note 2 to § 2B3.1 of the Guidelines makes clear that the three-level enhancement is appropriate when the defendant uses an object "in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury." In fact, the actions described by the teller are akin to the example of wrapping a hand in a towel to resemble a gun, used in the Application Note.

---

[1] Although Morgan denied having a gun, he did not address the teller's recitation that Morgan showed him something black in his pocket that resembled the end of a gun.

Thus, any objection to the facts and calculation in the PSI would have been futile.  Hence, counsel cannot be considered ineffective.  See <u>Parrish v. Fulcomer</u>, 150 F.3d 326, 328 (3d Cir. 1998)(counsel cannot be deemed ineffective for failing to pursue a meritless claim).

     Additionally, rather than losing credibility with the court by presenting a frivolous argument, counsel wisely focused her argument on other areas in an attempt to obtain a sentence at the lower end of the applicable Guidelines' range – an attempt that was successful because Judge Schiller imposed only 100 months when the Guidelines provided for a sentence from 100 - 125 months.  Not only did counsel properly abandon a meritless claim, but in doing so, may have taken a strategic advantage in pursuing a sentence at the lower end of the Guidelines range.  Counsel was not ineffective.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 9th day of January, 2007, IT IS RESPECTFULLY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 be DENIED. There is no basis for the issuance of a certificate of appealability.

      /s/ Jacob P. Hart
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | 04-187 |
| v. | : | |
| | : | CIVIL CASE |
| RUSSELL MORGAN | : | 06-4527 |

**O R D E R**

BERLE M. SCHILLER, J.,

AND NOW, this            day of                    , 2007, upon careful and independent consideration of Defendant's Motion to Vacate, Set Aside, or Correct Sentence, the response, thereto, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER, J.